No. 13718

IN THE SUPREME COURT OF THE STATE OF MONTANA

IN RE: THE MATTER OF HERBERT MILLER.

Appeal from: District Court of the Third Judicial District,
Honorable Robert Boyd, Judge presiding.

Counsel of Record:

For Appellant:

James Dorr Johnson argued, Warm Springs, Montana
Steven Bunch, Helena, Montana

For Respondent:

Mark P.Sullivan argued, Butte, Montana
Nick A. Rotering, Helena, Montana

Submitted: November 28, 1977

Decided: DEC 2 ⁙ ⁙ ⁙

Filed: DEC 22 1977

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This appeal results from proceedings pursuant to section 38-1312, R.C.M. 1947. The district court, Deer Lodge County, the Hon. Robert Boyd presiding, found Herbert Miller to be seriously mentally ill and ordered an extension of his commitment period at Warm Springs State Hospital for six additional months.

Miller was first committed to Warm Springs in 1956. The reason for admission was given as a charge of homicide. Miller was last committed to Warm Springs by court order on January 9, 1957.

Section 38-1312, R.C.M. 1947, requires that any person who, by reason of a judicial decree, was adjudged mentally ill prior to the enactment of Title 38, Chapter 13, shall, within one year following the effective date of the act be released, unless a petition for an extended detention order is filed.

The required petition was filed by Warm Springs staff psychologist Katherine Gallagher on June 29, 1976. Miller had been under the care and supervision of psychologist Gallagher prior to the filing of the petition. The petition was accompanied by a written report and evaluation of his mental and physical condition as required by section 38-1306(6) (now 38-1306(3), by 1977 amendment), R.C.M. 1947, compiled by psychologist Gallagher.

Upon application of counsel for Miller, Judge Boyd appointed Dr. Ben Peters, a psychiatrist from Anaconda, Montana, to independently evaluate him. The hearing pursuant to the petition was

- 2 -

held on December 3, 1976. Psychologist Gallagher was the sole witness to testify. At the beginning of the hearing, counsel for Miller moved to strike the psychologist' report from the court file on the grounds it constituted hearsay evidence. The District Court denied the motion. Counsel additionally asserted the psychologist/patient privilege under section 66-3212, R.C.M. 1947, as a bar to the testimony of psychologist Gallagher. That motion was likewise denied.

At the conclusion of the hearing, the District Court concluded Miller was "seriously mentally ill" and ordered his detention at Warm Springs be extended for an additional six months, Miller appeals.

The issues raised and arguments advanced on appeal by Miller are identical to those considered in the companion case In the Matter of Curtis Sonsteng (this Court's No. 13719, decided December _____, 1977), and reference is made thereto. We find no need to repeat our prior holdings and discussion of the relevant procedures and legal principles as found in Sonsteng.

The order of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices.

- 3 -